UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00424-RJC-DSC

| | |
|---|---|
| BONNIE R. JONES, on behalf of Herself and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>CHICAGO BRIDGE & IRON COMPANY (DELAWARE) a/k/a CB&I and CB&I STONE & WEBSETER, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS ACTION AND FLSA COLLECTIVE ACTION SETTLEMENT

**THIS MATTER** comes before the Court on the parties' Joint Motion for Final Approval of Class Action Settlement Agreement and Approval of Attorneys' Fees and Costs, (Doc. No. 26). The Court conducted the Final Fairness and Approval Hearing on June 25, 2019. The attorneys for Named Plaintiff Bonnie Jones and Class Members (collectively, "Plaintiffs") and Defendant Chicago Bridge & Iron Company – Delaware ("Defendant") request approval of the Class Action Settlement Agreement ("Agreement") reached between the parties.

Plaintiffs alleged that Defendant failed to pay her and similarly situated employees promised and earned overtime premium compensation in violation of

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* ("NCWHA"); the Massachusetts Payment of Wages Act, G.L. c. 149, § 148, *et seq.* ("MPWA"); and the Massachusetts Minimum Fair Wage Law, G.L. c. 151, *et seq.* ("MMFWL"). Defendant denies any liability or wrongdoing of any kind under the FLSA and NCWHA, MPWA and MMFWL and pled various defenses. This Court preliminarily approved the parties' Agreement on March 29, 2019. Notice was provided to the Class Members. There were no objections to the settlement and only four Class Members excluded themselves from the settlement. There are disputes between the Parties as to the underlying facts and the controlling law. Nonetheless, the Parties believe the settlement reached and agreed upon is a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation.

Settling parties routinely seek judicial approval of a proposed settlement to ensure fairness and to give effect to the FLSA releases. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *Clark v. Ecolab, Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Courts generally approve Rule 23 class action settlements when they are fair, reasonable, and adequate pursuant to Fed. R. Civ.

P. 23(e).

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' collective FLSA claims and Rule 23 class claims under North Carolina and Massachusetts law against Defendant, and review of the Agreement, the Court finds and concludes that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. The proposed settlement is just and reasonable and in the best interest of the parties. Further, the Court finds that the settlement has been reached in good faith, and the parties' Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e). The class representative, Named Plaintiff Bonnie Jones, and Class Counsel have adequately represented the class, and the settlement proposal was negotiated at arm's length. The Court determines that the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) the parties' Class Action Settlement Agreement. The Court also finds that the settlement proposal treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(A)–(D).

**IT IS THEREFORE ORDERED THAT:**

1. The parties' Joint Motion for Final Approval of Class Action Settlement Agreement and Approval of Attorneys' Fees and Costs, (Doc. No. 26),

is **GRANTED**.

2.  The parties' Class Action Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), and a fair and reasonable resolution of a *bona fide* dispute under the FLSA. As a result, the terms of the parties' Class Action Settlement Agreement are approved and incorporated herein, (*see* Doc. No. 21-1);

3.  For settlement purposes only, the following Settlement Class is finally certified pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b):

> Non-exempt employees working a "9/80 plan" in Defendant's Power Division for the 2 years preceding the filing of the Complaint (July 18, 2015 through July 18, 2017) who were located in Charlotte, North Carolina and Canton, Massachusetts.;

4.  Plaintiff Bonnie Jones is approved as the Representative of the Settlement Class, and the proposed service award as outlined in the Agreement to Plaintiff Jones for her service to the Settlement Class is approved;

5.  Gibbons Leis, PLLC and Stephan Zouras, LLP are approved as Class Counsel to the Settlement Class;

6.  Plaintiff's unopposed request for attorneys' fees and costs is granted, and fees and costs as outlined in the Agreement are approved;

7.  Gibbons Leis, PLLC is approved as Settlement Administrator and the costs of the settlement administration shall be paid by Defendant as outlined in the Agreement.

8.  The Court finds the dissemination of the Class Action Settlement

Notice was accomplished as directed, constituted the best notice practicable under the circumstances and met the requirements of due process;

9. All of the Participating Class Members' released claims (including unknown claims) are hereby discharged with prejudice as to all Participating Class Members, and all Participating Class Members are barred and permanently enjoined from prosecuting, commencing or continuing any and all released claims;

10. The Court directs the settlement funds be distributed in accordance with the terms of the Class Action Settlement Agreement;

11. The Court hereby directs the entry of final judgment in this case on or after July 10, 2019 (due to Class Action Fairness Act requirements) and dismissal of this action with prejudice in its entirety in accordance with the terms of the Class Action Settlement Agreement. The Clerk of the Court is ordered to enter Final Judgment in this action adjudicating all the claims and all the Parties' rights and liabilities pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

12. The Court shall retain jurisdiction over this action and the Parties to administer, supervise, interpret, and enforce the Agreement, until all obligations pursuant to the Agreement are satisfied.

_____
Robert J. Conrad, Jr.
United States District Judge